UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DOCTOR'S ASSOCIATES INC., : | | |
| Plaintiff, : | CIVIL ACTION NO. | |
| : | 3:16-CV-1944 (JCH) | |
| v. : | | |
| : | | |
| KAMALJIT NIJJAR, : | APRIL 13, 2017 | |
| Defendant. : | | |

**RULING ON PETITION TO COMPEL ARBITRATION (DOC. NO. 1)**

**I.      INTRODUCTION**

The plaintiff, Doctor's Associates, Inc. ("DAI" or "Subway"), the franchiser of Subway sandwich shops in the United States, filed a Petition to Compel Arbitration (Doc. No. 1) against the defendant, Kamaljit Nijjar, ("Ms. Nijjar").  Ms. Nijjar had assumed the obligations and liabilities for two Subway Franchise Agreements.  See Assumption of Agreement No. 24099 (on page 17 of Doc. No. 1-1); Assumption of Agreement No. 12414 (on page 17 of Doc. No. 1-2).  The Franchise Agreements each include an arbitration provision.  See Franchise Agreement No. 24099 (in pages 2–16 of Doc. No. 1-1) at 11–12 ¶ 10; Franchise Agreement No. 12414 (in pages 2–16 of Doc. No. 1-2) at 11–12 ¶ 10.  DAI now seeks to compel arbitration in connection with a lawsuit that Ms. Nijjar filed against DAI in Virginia state court, and that has since been removed to a court in the Easter District of Virginia ("the Virginia Lawsuit").  See Pet. ¶¶ 13, 18; Original Virginia Compl. (Doc. No. 1–4); Virginia Am. Compl. (E.D. Va. Case No. 16-cv-1457, Doc. No. 7).  DAI seeks an order "directing Ms. Nijjar to arbitrate her claims in the manner provided by the Franchise Agreements."  Pet. ¶ 18.

1

For the reasons stated below, DAI's Petition to Compel Arbitration is denied.

## II.  BACKGROUND

The Franchise Agreements were formed in 2007, between Rambir Nijjar ("Mr. Nijjar") and DAI.  See Franchise Agreement No. 24099 at 2; Franchise Agreement No. 12414 at 2.  Each Franchise Agreement contains an arbitration provision, stating that "[a]ny dispute, controversy or claim arising out of or relating to this Agreement or the breach thereof shall be settled by arbitration."  Franchise Agreement No. 24099 at 11 ¶ 10(a); Franchise Agreement No. 12414 at 11 ¶ 10(a).

Mr. Nijjar is currently Ms. Nijjar's ex-husband.  See Divorce Order (Doc. No. 14-1) at 1.  The couples' divorce became final on August 14, 2015.  See Divorce Order at 1 (discussing final divorce decree).  Mr. Nijjar transferred the Franchise Agreements to Ms. Nijjar on August 20, 2015, in connection with this divorce.  See Pet. ¶¶ 6–7; Response (Doc. No. 14) ¶ 2; Divorce Order at 1 (quoting settlement agreement, incorporated into couples' divorce decree, in which Ms. Nijjar released Mr. Nijjar from certain claims, in exchange for him transferring the franchises to her).

A dispute arose between DAI and Ms. Nijjar regarding the operation of the restaurants involved in the Franchise Agreements.  In June 2016, the parties signed, and an arbitrator approved, a Stipulated Arbitration Award (Doc. No. 1-3), in connection with that dispute.

The Stipulated Arbitration Award states, inter alia, that (1) Ms. Nijjar "will transfer the Restaurants in accordance with the standard transfer procedures, as required by subparagraph 9(a) of the Franchise Agreement[s] and Chapter 21 [(excerpted in Doc. No. 14-2)] of the SUBWAY® Operations Manual," (2) "[t]he transfer must be at arms-length to a buyer approved by [DAI]," and (3) "a closing must take place within one

hundred and fifty (150) days." Stipulated Arbitration Award ¶ 5(a)(ii). The Stipulated Arbitration Award provides that, if Ms. Nijjar "fails to transfer the Restaurants by the date set forth above, the Franchise Agreements will be terminated on the one hundred and fifty first (151st) day from execution of [the] Award." Id. ¶ 8. The Stipulated Arbitration Award states that the Award "does not affect any continuing obligations of the parties under [the] Franchise Agreements between them." Id. ¶ 12. The Stipulated Arbitration Award states that the Award "can be confirmed in any court having jurisdiction." Id. ¶ 17.

Subparagraph 9(a) of the Franchise Agreements, which is referenced in the Stipulated Arbitration Award, contains the following language:

> You may transfer the Restaurant and this Agreement . . . provided[, inter alia]: (i) you first offer, in writing, to sell the Restaurant to us on the same terms and conditions offered by a bona fide third party purchaser, we fail to accept the offer . . . , and we approve your contract with the purchaser; (ii) each purchaser has a satisfactory credit rating, and is of good moral character; [and] (iii) each purchaser received a passing score on our standardized test.

Franchise Agreement No. 24099 at 10 ¶ 9(a); Franchise Agreement No. 12414 at 10 ¶ 9(a).

Chapter 21 of the SUBWAY® Operations Manual, also referenced in the Stipulated Arbitration Award, states, inter alia, that "DAI considers any change in the ownership interest of a franchise due to a divorce decree (or, a court approved settlement or Separation Agreement) to be a transfer in accordance with paragraph 9(a) of your Franchise Agreement." Chapter 21.

On September 26, 2016, a Virginia state court ordered Ms. Nijjar to "transfer back to" Mr. Nijjar "all of her right, title and ownership interest in the [ ] Subway

3

franchised stores." Divorce Order at 1. Ms. Nijjar then attempted to transfer the franchises back to Mr. Nijjar. See Response ¶ 10; Reply (Doc. No. 16) at 6. However, DAI refused to allow Ms. Nijjar to transfer the franchises back to Mr. Nijjar. See Response ¶ 10; Reply at 6.

On October 28, 2016, Ms. Nijjar filed a lawsuit against DAI in Virginia state court. See Original Virginia Compl. Ms. Nijjar alleged that, by preventing her from transferring the franchises back to Mr. Nijjar, DAI acted in bad faith, made it impossible for Ms. Nijjar to find a buyer within the 150-day window set out by the Stipulated Arbitration Award, prevented her from complying with the Divorce Order, and violated both the Stipulated Arbitration Award and the Franchise Agreements. See Original Virginia Compl. ¶¶ 23–27. Despite mentioning the Franchise Agreements, the Original Virginia Complaint contained only a single cause of action: a breach of contract claim for violation of the Stipulated Arbitration Award. See id. Count I, ¶ 31. The Original Virginia Complaint sought either specific performance or, in the alternative, damages. See id. ¶¶ 42–43.

On November 22, 2016, DAI removed the case to federal court. See Notice of Removal (E.D. Va. Case No. 16-cv-1457, Doc. No. 1). On December 5, 2016, Ms. Nijjar filed an Amended Complaint in the Virginia Lawsuit, in federal court. See Virginia Am. Compl. The Virginia Amended Complaint no longer contains a breach of contract claim. See Virginia Am. Compl. Rather, it asked the court to "enter an Order confirming the Arbitration Award." Id. Prayer for Relief.

The court in the Eastern District of Virginia granted DAI an extension of time to respond to the Virginia Amended Complaint, after this court's Ruling. See Order Granting Extension of Time (E.D. Va. Case No. 16-cv-1457, Doc. No. 9). However, the

4

Eastern District of Virginia court then confirmed the Stipulated Arbitration Award, absent objection.  See Order Confirming Stipulated Arbitration Award (E.D. Va. Case No. 16-cv-1457, Doc. No. 10); see also Reply at 2 ("DAI did not object to this relief.").  Thereafter, Ms. Nijjar moved to "enforce" the Eastern District of Virginia court's Order Confirming Stipulated Arbitration Award, by requiring "DAI to acknowledge and accept the transfer of two of its franchise stores to Rambir Nijjar."  Mot. to Enforce (E.D. Va. Case No. 16-cv-1457, Doc. No. 11).  The Motion to Enforce is currently pending.  See Docket in E.D. Va. Case No. 16-cv-1457.

Ms. Nijjar argues that the Petition to Compel Arbitration should be denied because she "is not seeking," in her Virginia Lawsuit, "to enforce the Franchise Agreements."  See Response ¶ 20.  Rather, Ms. Nijjar states that she is seeking to enforce the existing Stipulated Arbitration Award, which, according to her, "DAI is refusing to honor," by preventing the transfer of the franchises back to Mr. Nijjar.  Response ¶¶ 11, 18–19.  According to Ms. Nijjar, "the binding arbitration provision[s] contained in the Franchise Agreements are" thus "not applicable" to the Virginia Lawsuit.  Id. ¶ 20.

DAI replies that the question of whether DAI has complied with the Stipulated Arbitration Award is, itself, a question for an arbitrator.  See Reply at 2.  DAI also points out that, as part of the Virginia Lawsuit, Ms. Nijjar has argued that DAI violated the Franchise Agreements.  See id. at 1; see also, e.g., Original Virginia Compl. ¶¶ 26–27.  Additionally, DAI argues that the Stipulated Arbitration Award does not require that Ms. Nijjar be allowed to transfer the franchises back to Mr. Nijjar.  See Reply at 3–6.

### III.  DISCUSSION

The court concludes that, because the Virginia Lawsuit seeks only to enforce Ms.

5

Nijjar's interpretation of the Stipulated Arbitration Award, the arbitration clauses in the Franchise Agreements do not apply to the Virginia Lawsuit. An order compelling arbitration is thus not warranted. The court takes no position as to whether DAI has complied with the Stipulated Arbitration Award, or whether compliance with the Stipulated Arbitration Award requires that Ms. Nijjar be allowed to transfer the franchises back to Mr. Nijjar. These matters are not necessary to the determination of the Petition to Compel arbitration, and, furthermore, these matters are presently being considered in the Eastern District of Virginia.

The FAA "supplies mechanisms for enforcing arbitration awards: a judicial decree confirming an award, an order vacating it, or an order modifying or correcting it." Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 582 (2008); see also Employers Ins. Co. of Wausau v. OneBeacon Am. Ins. Co., 744 F.3d 25, 28–29 (1st Cir. 2014) ("Under the FAA, the federal court's review of an arbitration decision serves two very limited purposes; it determines whether the decision should be vacated or amended . . . , and it provides a mechanism for enforcement.").

The dispute underlying the Virginia Lawsuit arises out of the Stipulated Arbitration Award, not out of the Franchise Agreements. See Virginia Am. Compl. ¶ 1, Prayer for Relief ("This is a proceeding to confirm a Stipulated Arbitration Award . . . Kamaljit Nijjar[ ] respectfully requests this Court enter an Order confirming the Arbitration Award."). DAI provides no authority for the proposition that a lawsuit seeking to enforce an arbitration award is, itself, subject to arbitration, simply because the

6

underlying agreement contained an arbitration clause.[1]  Rather, DAI simply asserts that "any dispute concerning DAI's exercise of its right to disapprove the transfer must be arbitrated," and then moves on to argue, extensively, the merits of DAI's compliance with the Stipulated Arbitration Award.  See Reply at 3–6.  If every attempt to enforce an arbitration award were treated as a dispute calling for more arbitration, no court could enforce an arbitration award.  This absurd result would subvert the purpose of arbitration agreements.  Moreover, the Stipulated Arbitration Award here states explicitly that it "can be confirmed in any court having jurisdiction."  Stipulated Arbitration Award ¶ 17.  The Stipulated Arbitration Award does not say that disputes arising out of the Award itself should be subject to further arbitration.  If the parties wanted disputes arising out of the Stipulated Arbitration Award to be subject solely to further arbitration, and not subject to adjudication by a court, the parties should have said so explicitly when drafting the Stipulated Arbitration Award.

A court in the Southern District of New York rejected a party's argument "that because [a] dispute involve[d] interpretation of an arbitration award, it must be decided in arbitration."  Daum Glob. Holdings Corp. v. Ybrant Digital Ltd., No. 13-CV-3135 (AJN), 2015 WL 5853783, at *2 (S.D.N.Y. Oct. 6, 2015).  "To the contrary," explained the court, "federal courts [have] the authority to enforce arbitration awards," and, "[i]n doing so, a district court is entitled, and indeed obligated, to interpret the award."  Id. at

---

[1] The court is aware of a 1987 Second Circuit case in which the Second Circuit held that a certain "dispute [was] arbitrable and that [a certain contract's] broad arbitration clause [left] to the arbitrator . . . the task of determining [ ] the extent to which [an] earlier arbitration award resolved the issues raised in the present dispute," in the face of one party's argument that (1) the "earlier arbitration award already had resolved the issues raised in the [ ] dispute which [was] the subject of [a] petition to compel arbitration," and (2) the parties "had not agreed to arbitrate the present dispute."  Transit Mix Concrete Corp. v. Local Union No. 282, 809 F.2d 963, 964 (2d Cir. 1987).  Transit Mix, however, did not involve a party's attempt to enforce the existing arbitration award.

7

\*2 (citing Folkways Music Publishers, Inc. v. Weiss, 989 F.2d 108, 110–11 (2d Cir. 1993). "Only when an award is internally contradictory or so ambiguous that neither party can 'advance a clear and compelling interpretation of the award' must a proceeding to enforce an arbitration award be remanded back to arbitration." Daum, 2015 WL 5853783, at \*2 (brackets omitted) (quoting Kallen v. Dist. 1199, Nat'l Union of Hosp. & Health Care Emp., 574 F.2d 723, 726 (2d Cir. 1978). It is for the Eastern District of Virginia, and not this court, to decide whether the Stipulated Arbitration Award "is internally contradictory or so ambiguous that neither party can 'advance a clear and compelling interpretation of the award.'" Daum, 2015 WL 5853783, at \*2. The mere fact that Ms. Nijjar has asked a court to interpret the Stipulated Arbitration Award, however, does not warrant compelling arbitration.

Similarly, the mere fact that, in litigating the Virginia Lawsuit, Ms. Nijjar has mentioned her opinion that DAI, in addition to violating the Stipulated Arbitration Award, also violated the Franchise Agreements, does not convert the Virginia Lawsuit into a "dispute, controversy or claim arising out of or relating to [the Franchise Agreements] or the breach thereof." Franchise Agreement No. 24099 at 11 ¶ 10(a); Franchise Agreement No. 12414 at 11 ¶ 10(a). Again, DAI has provided no authority for such a proposition. See Reply at 3. Instead, DAI simply cites the arbitration clauses in the Franchise Agreements, and notes that the Stipulated Arbitration Award "does not affect the continuing obligations of the parties under the Franchise Agreements." Id. at 3. The crux of the dispute in the Virginia Lawsuit, however, is Ms. Nijjar's contention that DAI has failed to comply with the Stipulated Arbitration Award—and the only relief sought in the Virginia Lawsuit relates to the confirmation and enforcement of the Stipulated

8

Arbitration Award.  See Virginia Am. Compl. ¶¶ 1–3, Prayer for Relief.  The court notes that the Stipulated Arbitration Award simultaneously (1) incorporates subparagraph 9(a) of the Franchise Agreements, regarding transfer of restaurants, and (2) provides for confirmation by a court.  See Stipulated Arbitration Award ¶¶ 5(a)(ii), 17; see also Franchise Agreement No. 24099 at 10 ¶ 9(a); Franchise Agreement No. 12414 at 10 ¶ 9(a).  The Stipulated Arbitration Award thus evidently envisioned that a party would need to interpret the transfer provision of the Franchise Agreements in order to determine whether the other party had complied with the Stipulated Arbitration Award and, nevertheless, still envisioned that a court would ensure compliance with the Stipulated Arbitration Award.

Moreover, although Ms. Nijjar does mention the Franchise Agreements in the Virginia Lawsuit, her argument that the Stipulated Arbitration Award allows her to transfer the restaurants back to her ex-husband is based on Chapter 21 of the SUBWAY® Operations Manual, which explicitly discusses divorces, see Virginia Am. Compl. ¶ 22; see also Chapter 21, not on the underlying Franchise Agreements.  Any discussion of the underlying Franchise Agreements is ancillary to Ms. Nijjar's discussion of the Stipulated Arbitration Award, generally, and of the Award's reference to Chapter 21 specifically; and is ancillary to the relief sought in the Eastern District of Virginia case: enforcement of the Stipulated Arbitration Award.

## IV.  CONCLUSION

For the reasons set forth herein, the Petition to Compel Arbitration (Doc. No. 1) is

**DENIED**.  The case is closed.

**SO ORDERED.**

Dated at New Haven, Connecticut this 13th day of April, 2017.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge